OPINION
{¶ 1} Plaintiff Lisa Shewring appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Fairfield County, Ohio, which approved and adopted the decision of the magistrate whom this cause was referred.
 {¶ 2} On December 18, 2003, the magistrate issued a decision containing findings of fact and conclusions of law. The magistrate recommended the court grant a divorce to plaintiff-appellant and defendant-appellee, Gregory W. Shewring, and made other recommendations regarding the division of marital assets.
 {¶ 3} Appellee, who at this point was proceeding pro se, filed a document captioned "Defendant's Notice of Appeal to Magistrate's Decision". The court treated this document as objections to the magistrate's report, and overruled them as untimely. {¶ 4} The record shows the plaintiff moved for an extension of time to file her objections on January 5, 2004. However, appellant's counsel alleged he faxed his motion on December 30, 2003. Counsel later informed the court he never received a ruling on appellant's motion, but did receive a notice which set a non-oral hearing on objections to the magistrate's decision for Friday, January 30, 2004. Counsel explained to the court he believed this indicated his motion for extension of time had been granted.
 {¶ 5} After appellant filed a second motion on February 2, 2004, the court did extend time for appellant to file her objections, partly because of the problems with filing the objections and also because appellant alleged she had difficulty securing the transcript of proceedings.
 {¶ 6} Appellant argues although the trial court ruled on appellee's objections, to date her objections have not been ruled upon by the trial court.
 {¶ 7} Civ. R. 53 (E)(4) governs the trial court's actions on the magistrate's decisions. The rule provides the magistrate's decision shall be effective when adopted by the court, and the court may adopt a magistrate's decision and enter a judgment without waiting for timely objections by the parties. If there are timely written objections, this shall operate as an automatic stay of execution of the judgment until the court disposes of the objections and vacates, modifies, or adheres to the judgment previously entered.
 {¶ 8} While it is unclear to this court whether appellant's first motion for extension of time was timely, nevertheless, the trial court granted her later motion to extend the time for filing her objections.
 {¶ 9} We find the trial court has not completed its task until it rules on appellant's objections to the magistrate's report. Several appellate courts have found until the court has ruled on all objections, the trial court's judgment is not final, see, e.g., Drummond v. Drummond
(February 6, 2003), Franklin Appellate No. 02AP-700, 2003-Ohio-587; Pericv. Buccilli, Cuyahoga Appellate No. 80805, 2002-Ohio-623. We agree, especially since this court cannot consider objections not raised before the trial court. We conclude the judgment appealed from is not a final appealable order.
 {¶ 10} We find we lack jurisdiction to review this appeal, and thereby dismiss it.
Gwin, P.J., Hoffman, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed for lack of jurisdiction. Costs to appellant.